# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| E.DIGITAL CORPORATION,<br><br>　　　vs.　　　　Plaintiff,<br><br>FUSION-IO, INC.,<br><br>　　　　　　　　　Defendant. | CASE NO. 13-cv-2901-H-BGS<br><br>**ORDER GRANTING JOINT MOTION TO GIVE PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>[Doc. Nos. 17 & 23] |
|---|---|

On December 5, 2013, Plaintiff e.Digital Corporation filed its complaint against Defendant Fusion-IO, Inc. (USA). (Doc. No. 1.) On March 17, 2014, Defendant filed its amended answer to the complaint. (Doc. No. 15.) On April 2, 2014, the parties filed a joint motion to extend Defendant's deadline to answer or otherwise respond to the complaint. (Doc. No. 17.) On April 18, 2014, the parties filed a joint motion to give Plaintiff leave to file a First Amended Complaint. (Doc. No. 23.)

Under Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The "court should freely give leave when justice so requires." Id. Granting leave to amend rests in the sound discretion of the trial court. Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases

on the merits and permitting amendments with "extreme liberality." <u>DCD Programs Ltd. v. Leighton</u>, 833 F.2d 183, 186 (9th Cir. 1987).  "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." <u>Johnson v. Buckley</u>, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing <u>Nunes v. Ashcroft</u>, 348 F.3d 815, 818 (9th Cir. 2003)).

The Court concludes that Plaintiff's motion to amend is not driven by bad faith or with the intent to cause prejudice or undue delay to the Defendant.  Defendant joins Plaintiff's motion and does not dispute the absence of delay or prejudice.  In addition, the Court notes that the first deadline in the Court's consolidated scheduling order requires Plaintiff to serve Defendant with a "Disclosure of Asserted Claims and Infringement Contentions" on or before June 9, 2014.  (See <u>e.Digital Corporation v. Cavalry Storage, Inc.</u>, Case No. 13-cv-2892-H, Doc. No. 26, Consol. Sched. Ord (April 25, 2014).)

After a careful analysis of the factors set forth in <u>Johnson</u>, the Court concludes that Plaintiff should be granted leave to file a first amended complaint.  See <u>Johnson</u>, 356 F.3d at 1077.  For good cause shown, the Court grants the joint motion and gives Plaintiff leave to amend its complaint.  Plaintiff must file its First Amended Complaint on or before **May 9, 2014**.  Defendant has **fourteen (14) days** after being served Plaintiff's First Amended Complaint to file an answer or otherwise respond.  All dates in the Court's consolidated scheduling order remain in effect.

The Court denies the parties' joint motion to extend Defendant's deadline to answer or otherwise respond to the initial complaint as moot.

**IT IS SO ORDERED.**

DATED: May 2, 2014

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT