ANTON HANDAL (Bar No. 113812)
anh@handal-law.com
PAMELA C. CHALK (Bar No. 216411)
pchalk@handal-law.com
GABRIEL HEDRICK (Bar No. 220649)
ghedrick@handal-law.com
HANDAL & ASSOCIATES
1200 Third Avenue, Suite 1321
San Diego, California 92101
Tel: 619.544.6400
Fax: 619.696.0323

Attorneys for Plaintiff and Counter-Defendant
e.Digital Corporation

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| e.Digital Corporation,<br><br>           Plaintiff,<br><br>     v.<br><br>Fusion-io, Inc.,<br><br>           Defendant.<br><br>And Related Counterclaims. | Case No. 3:13-cv-2901-H-BGS<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Assigned to the Honorable Judge Marilyn L. Huff**<br><br>**Courtroom 15A (Annex)** |

Plaintiff e.Digital Corporation ("e.Digital" or "Plaintiff"), by and through its undersigned counsel, complains and alleges against Defendant Fusion-io, Inc., ("Fusion-io" or "Defendant") as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of a patent arising under the laws of the United States relating to patents, 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 271, 281. Plaintiff e.Digital seeks a preliminary and permanent injunction and monetary damages for the infringement of its U.S. Patent No. 5,839,108.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the patent laws of the United States of America, 35 U.S.C. § 101, *et seq.*

3. Venue properly lies within the Southern District of California pursuant to the provisions of 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b). On information and belief, Defendant conducts substantial business directly and/or through third parties or agents in this judicial district by selling and/or offering to sell the infringing products and/or by conducting other business in this judicial district. Furthermore, Plaintiff e.Digital is headquartered and has its principal place of business in this district, engages in business in this district, and has been harmed by Defendant's conduct, business transactions and sales in this district.

4. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant transacts continuous and systematic business within the State of California and the Southern District of California. In addition, this Court has personal jurisdiction over the Defendant because, on information and belief, this lawsuit arises out of Defendant's infringing activities, including, without limitation, the making, using, selling and/or offering to sell infringing products in the State of California and the Southern District of California. Finally, this Court has personal jurisdiction over Defendant because, on information and belief, Defendant has made, used, sold and/or offered for sale its infringing products and placed such infringing products in the stream of interstate commerce with the expectation that such infringing products would be made, used, sold and/or offered for sale within the State of California and the Southern District of California.

5. Upon information and belief, certain of the products manufactured by Defendant have been and/or are currently sold to consumers including, but not limited to, consumers located within the State of California and/or offered for sale

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-2-

*FIRST AMENDED COMPLAINT*   CASE NO. 3:13-CV-2901-H-BGS

at, among other places, through the Fusion-io 1-800 sales number located at 800.578.6007 and/or through the Fusion-io Silicon Valley office, located at 2880 Junction Avenue, San Jose, CA 95134-1922.

## PARTIES

6.   Plaintiff e.Digital is a Delaware corporation with its headquarters and principal place of business at 16870 West Bernardo Drive, Suite 120, San Diego, California 92127.

7.   Upon information and belief, Defendant Fusion-io, Inc. is a corporation registered and lawfully existing under the laws of the State of Delaware, with an office and principal place of business located at 2855 E. Cottonwood Parkway Suite 100, Salt Lake City, UT 84121.

## THE ASSERTED PATENT

8.   On November 17, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,839,108 ("the '108 patent") entitled "Flash Memory File System In A Handheld Record And Playback Device," to its named inventors Norbert P. Daberko and Richard K. Davis. Plaintiff e.Digital is the assignee and owner of the entire right, title and interest in and to the '108 patent and has the right to bring this suit for damages and other relief.  A true and correct copy of the '108 patent is attached hereto as Exhibit A.

## COUNT ONE

## INFRINGEMENT OF THE '108 PATENT BY DEFENDANT

9.   Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 8 above.

10.   The accused products include but are not limited to Fusion-io's Flash Memory Storage products including but not limited to its USB, SSD, SD, microSD, and/or Compact Flash products. The primary and substantial purpose of the accused products is to write to and store data in electronic format in non-volatile flash memory.

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-3-

*FIRST AMENDED COMPLAINT*  CASE NO. 3:13-CV-2901-H-BGS

11.     Fusion-io has directly and indirectly infringed and is directly and indirectly infringing Claim 1 of the '108 patent in violation of 35 U.S.C. § 271, *et seq.*, by making, using, offering for sale, selling in the United States and/or importing into the United States without authority, the accused products identified above. Claim 1 of the '108 patent teaches a method of memory management for a non-volatile storage medium. In general, the method comprises several steps, which generally involves, without limitation, writing electronic data segments from volatile, temporary memory to a non-volatile, long-term storage medium by linking data segments according to a number of specified steps.

12.     Plaintiff alleges that at least as of the date of the filing of the originally filed complaint in this matter, if not sooner, Fusion-io knew or should have known of the existence of Claim 1 of the '108 patent and the fact that the accused products infringe said Claim 1.

13.     Plaintiff alleges that Fusion-io sold, sells, offers to sell, ships, or otherwise delivers the accused products to customers or end-users with all the features required to infringe Claim 1 of the '108 patent. Upon information and belief, Fusion-io knows that the accused products infringe Claim 1 of the '108 patent and intends to induce third parties to include its customers and end-users to also infringe Claim 1 of the '108 patent.

14.     Upon information and belief, the accused products, alone or in combination with other products, directly or, alternatively, under the doctrine of equivalents practice each of the limitations of independent Claim 1 of the '108 patent when they are used for their normal and intended purpose of writing to and storing electronic data on non-volatile memory. Thus, Fusion-io directly infringes Claim 1 of the '108 patent in violation of 35 U.S.C. § 271(a) when it demonstrates, tests or otherwise uses the accused products in the United States.

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-4-

*FIRST AMENDED COMPLAINT*   CASE NO. 3:13-CV-2901-H-BGS

15.     By way of example, Fusion-io's demonstration and/or how-to videos, posted by Fusion-io, show Fusion-io and/or its authorized agents or employees[1] explaining its proprietary file management systems that utilizes cache memory and organizes data physically and virtually in ways that Plaintiff asserts utilizes the elements of Claim 1 of the '108 patent.  In addition, Plaintiff asserts that the accused products utilize a Fusion-io proprietary "Virtual Storage Layer" that practices the elements of the Claim 1 of the '108 patent as described in its product literature entitled "ioMemory Virtual Storage Layer (VSL)".  At least since the date of the filing of the original complaint, Fusion-io's continued manufacture, use and sale of the accused products constitute acts of direct infringement of Claim 1 of the '108 patent.

16.     Plaintiff alleges on information and belief that Fusion-io uses, makes, sells, offers to sell and/or imports the accused products knowing that they will be used by its customers and end-users for writing and storing electronic data to non-volatile memory utilizing the steps described in Claim 1 of the '108 patent. Fusion-io's product literature, materials and instructional videos advertise and encourage customers to use the accused product(s) to store electronic data in the accused products, which utilize the methods of memory management taught by Claim 1 of the '108 patent and in a manner it knows infringes Claim 1 of the '108 patent.

17.     In addition to what is described above, Plaintiff asserts that Fusion-io provides operating manuals and/or quick-start guides, user or installation guides, instructional/informational "how-to" videos, answers to questions on its FAQs page of its website, webinars, and blogs on its website and/or on other public

---

[1] https://www.youtube.com/watch?v=gLZyh3J7dXA&list=PLYp8b4bSLEi-qyQBiGFBkHv80ogIfUZn4

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-5-

FIRST AMENDED COMPLAINT                                   CASE NO. 3:13-CV-2901-H-BGS

websites that instruct customers and end-users on how to connect the accused products and use them as non-volatile storage devices for electronic data. Among other things, Fusion-io's informational materials lay out step-by-step instructions on how to utilize the features of the accused products to write data into the memory of the accused products – a process that utilizes the method disclosed in Claim 1 of the '108 patent and which Fusion-io knows (at the least as of the filing of the original complaint if not sooner) infringes the method taught in Claim 1 of the '108 patent. Plaintiff believes that Fusion-io directs consumers and end-users to consult and utilize such instructional videos and other informational material.

18. In addition to the information described above, Plaintiff believes and thereupon alleges that Fusion-io is aware that its customers and end-users are using the accused products in an infringing manner based on, among other things: 1) the discussions, questions, answers, and/or comments posted on its Facebook and/or Twitter website pages where Fusion-io's authorized agents, customers and/or end-users discuss and disclose the use of the accused products for non-volatile electronic data storage, a process which Fusion-io knows infringes upon Claim 1 of the '108 patent; 2) the case studies posted on Fusion-io's website that show Fusion-io's customers and end-users discussing and disclosing the use of the accused products for non-volatile electronic data storage, a process which Fusion-io knows infringes upon Claim 1 of the '108 patent; and/or, 3) the fact that Fusion-io encourages its customers and end-users to use the accused products in an infringing manner as set forth in the preceding Paragraphs.

19. As alleged above, incorporated herewith, and based upon information and belief, Plaintiff further alleges that since at least from the date of the filing of the original complaint, Fusion-io, has without authority induced and continues to induce infringement of the '108 patent in violation of 35 U.S.C. § 271(b) inasmuch as:

   a. The accused products infringe Claim 1 during their normal use by

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-6-

FIRST AMENDED COMPLAINT                    CASE NO. 3:13-CV-2901-H-BGS

1  Fusion-io's customers and/or end-users;

2  b. Fusion-io has known and has been continuously aware of the '108
3     patent since at least the filing of the original complaint in this
4     action, if not sooner;

5  c. Fusion-io has acted in a manner that encourages and continues to
6     encourage others to infringe Claim 1 of the '108 patent by, among
7     other things, intentionally instructing and/or encouraging
8     customers and end-users to use the accused products in a manner
9     that Fusion-io knows or should have known would cause them to
10    infringe the '108 patent;

11 d. Fusion-io sells, distributes, and supplies the accused products to
12    customers and end-users with the intent that the products be used
13    in an infringing manner;

14 e. Fusion-io provides operating manuals, installation guides,
15    instructional videos, webcasts, or other instructional material
16    designed to instruct customers and end-users to use the products
17    in an infringing manner; and,

18 f. Fusion-io advertises, markets, and promotes the use of the
19    accused products in an infringing manner.

20. As alleged above, incorporated herewith, and based upon information and belief, Plaintiff alleges that since at least from the date of the filing of the original complaint, Fusion-io has contributed and continues to contribute to the infringement of Claim 1 of the '108 patent in violation of 35 U.S.C. § 271(c) inasmuch as:

a. The accused products infringe Claim 1 of the '108 patent during the normal use of the accused products by Fusion-io's customers and/or end-users;

b. Fusion-io has known and has been continuously aware of the '108

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-7-

*FIRST AMENDED COMPLAINT*                                   CASE NO. 3:13-CV-2901-H-BGS

patent since at least the filing of the original complaint in this action, if not sooner;

c. Fusion-io imports into the United States, sells and/or offers to sell within the United States products that (a) practice the method of memory management of Claim 1 of the '108 patent; and, (b) Fusion-io knows that the same constitute material infringing component(s) of the accused products, which were made and/or especially adapted for use in the accused products;

d. The memory management component(s) and methods of the accused products are not staple articles of commerce suitable for substantial non-infringing use with respect to the '108 patent; and,

e. Fusion-io sells, has sold, and/or has supplied the accused products knowing of Plaintiff's '108 patent and knowing that the accused products incorporate Plaintiff's patented method and/or were specially adapted for use in a way which infringes the '108 patent.

21. As alleged above, Plaintiff alleges that Fusion-io had notice of the '108 patent and knowledge of infringement of Claim 1 of the '108 patent since at least the filing of the original complaint in this matter, if not sooner. Fusion-io has and continues to sell products that practice the '108 patent after acquiring knowledge of infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

1. That Defendant be declared to have infringed the Patent-in-Suit;

2. That Defendant, Defendant's officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, be preliminarily and permanently enjoined from infringement of the Patent-in-Suit, including but not limited to any making, using, offering for sale, selling, or importing of unlicensed infringing products within and without the United States;

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-8-

*FIRST AMENDED COMPLAINT*   CASE NO. 3:13-CV-2901-H-BGS

3. Compensation for all damages caused by Defendant's infringement of the Patent-in-Suit to be determined at trial;

4. A finding that this case is exceptional and an award of reasonable attorneys fees pursuant to 35 U.S.C. § 285;

5. Granting Plaintiff pre-and post-judgment interest on its damages, together with all costs and expenses; and,

6. Awarding such other relief as this Court may deem just and proper.

**HANDAL & ASSOCIATES**

Dated: May 8, 2014

By: /s/Pamela C. Chalk
Anton N. Handal
Pamela C. Chalk
Gabriel G. Hedrick
Attorneys for Plaintiff
And Counter-Defendant
e.Digital Corporation

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-9-

*FIRST AMENDED COMPLAINT*   CASE NO. 3:13-CV-2901-H-BGS

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims.

**HANDAL & ASSOCIATES**

Dated: May 8, 2014

By: /s/Pamela C. Chalk
Anton N. Handal
Pamela C. Chalk
Gabriel G. Hedrick
Attorneys for Plaintiff
And Counter-Defendant
e.Digital Corporation

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-10-

*FIRST AMENDED COMPLAINT* — CASE NO. 3:13-CV-2901-H-BGS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on this date to all counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system per CivLR 5.4(d). Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery upon their appearance in this matter.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed this 8th day of May, 2014 at San Diego, California.

Dated: May 8, 2014

**HANDAL & ASSOCIATES**

By: /s/Pamela C. Chalk
    Anton N. Handal
    Pamela C. Chalk
    Gabriel G. Hedrick
    Attorneys for Plaintiff
    And Counter-Defendant
    e.Digital Corporation

**HANDAL & ASSOCIATES**
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-11-

*FIRST AMENDED COMPLAINT*   CASE NO. 3:13-CV-2901-H-BGS